AO 120 (Rev. 08/10)

| TO: **Mail Stop 8**<br>**Director of the U.S. Patent and Trademark Office**<br>**P.O. Box 1450**<br>**Alexandria, VA 22313-1450** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT OR**<br>**TRADEMARK** |
|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been

filed in the U.S. District Court _____ on the following

☐ Trademarks or     ☐ Patents.   ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO. | DATE FILED | U.S. DISTRICT COURT | |
|---|---|---|---|
| PLAINTIFF | | DEFENDANT | |
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK | |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | | |
|---|---|---|---|
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK | |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

**Copy 1—Upon initiation of action, mail this copy to Director     Copy 3—Upon termination of action, mail this copy to Director**
**Copy 2—Upon filing document adding patent(s), mail this copy to Director     Copy 4—Case file copy**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BLACKBERRY LIMITED,

      Plaintiff,

vs.

                                Case No. 3:13-cv-4431-N

CYPRESS SEMICONDUCTOR CORP.,

      Defendant.

## CYPRESS SEMICONDUCTOR CORP.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS

Defendant Cypress Semiconductor Corp. ("Cypress"), through its undersigned counsel, hereby demands a jury trial and answers the Complaint of plaintiff BlackBerry Limited ("BlackBerry") as follows:

## INTRODUCTION

1.     Cypress lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and, therefore, denies the same.

2.     Cypress lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and, therefore, denies the same.

3.     Cypress lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and, therefore, denies the same.

4.      Cypress denies that it infringes any BlackBerry patents.  Cypress lacks

knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in paragraph 4 of the Complaint and, therefore, denies the same.

### NATURE OF THE ACTION

5.      Paragraph 5 of the Complaint alleges BlackBerry's purported purpose in

filing its Complaint to which no response is required.  To the extent a response is

required, Cypress denies that BlackBerry has any cognizable basis for filing its

Complaint and denies the allegations in paragraph 5 of the Complaint.

### THE PARTIES

6.      Cypress is informed and believes and on that basis admits that BlackBerry

Limited is a Canadian company with its principal place of business at 2200 University

Avenue East, Waterloo, Ontario, Canada N2K 0A7.  Cypress is informed and believes

and on that basis admits that BlackBerry Limited is the sole owner of BlackBerry

Corporation, a Delaware corporation with its principal place of business at 5000

Riverside Drive, Irving, TX 75039.

7.      Cypress admits the allegations in paragraph 7 of the Complaint.

### JURISDICTION AND VENUE

8.      Cypress admits that the Complaint purports to state a claim under the

patent laws of the United States, 35 U.S.C. § 100, *et seq.*, including §§ 271, 281, 283, 284,

and 285.  Cypress admits that this Court has subject matter jurisdiction over

BlackBerry's Complaint.  Cypress denies, however, that BlackBerry's Complaint has any

factual or legal basis.

9.      Cypress admits that this Court has personal jurisdiction over Cypress. Cypress admits that it has done business in this District.  Cypress denies that it has committed any acts of infringement within this District or otherwise.  Except as expressly admitted, Cypress denies the allegations in paragraph 9 of the Complaint.

10.     Cypress admits that venue is permissible in this Court, but denies that there is no clearly more convenient venue.

### THE BLACKBERRY PATENTS

11.     Cypress admits that United States Patent No. 6,034,623 ("the '623 Patent") is entitled "Autonomous Radio Telemetry," lists March 7, 2000 as the issue date, and identifies Research In Motion Limited as the assignee.  Cypress admits that Exhibit A to the Complaint appears to be a copy of the '623 Patent.  Cypress lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of the Complaint and, therefore, denies the same.

12.     Cypress admits that United States Patent No. 6,833,686 ("the '686 Patent") is entitled "Circuit And Method Of Operation For An Adaptive Charge Rate Power Supply," lists December 21, 2004 as the issue date, and identifies Research In Motion Limited as the assignee.  Cypress admits that Exhibit B to the Complaint appears to be a copy of the '686 Patent.  Cypress lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 of the Complaint and, therefore, denies the same.

13.     No response is required to paragraph 13 of the Complaint.

**INFRINGEMENT BY CYPRESS**

14.     Cypress denies the allegations in paragraph 14 of the Complaint.

15.     Cypress denies the allegations in paragraph 15 of the Complaint.

16.     Cypress denies the allegations in paragraph 16 of the Complaint.

17.     Cypress denies the allegations in paragraph 17 of the Complaint.

**FIRST CLAIM**
**INFRINGEMENT OF THE '623 PATENT**

18.     Cypress incorporates and repeats its answers to the allegations of the preceding paragraphs of the Complaint as though set forth in full here in response to paragraph 18 of the Complaint.

19.     Cypress denies the allegations in paragraph 19 of the Complaint.

20.     Cypress lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint and, therefore, denies the same.

21.     Cypress lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint and, therefore, denies the same.

22.     Cypress denies the allegations in paragraph 22 of the Complaint.

23.     Cypress denies the allegations in paragraph 23 of the Complaint.

24.     Cypress admits that BlackBerry brought the '623 Patent to Cypress' attention on or about November 4, 2013, the date on which the Complaint in this action was filed.  Except as expressly admitted, Cypress denies the allegations in paragraph 24 of the Complaint.

---

25.     Cypress denies the allegations in paragraph 25 of the Complaint.

26.     Cypress denies the allegations in paragraph 26 of the Complaint.

27.     Cypress denies the allegations in paragraph 27 of the Complaint.

28.     Cypress denies the allegations in paragraph 28 of the Complaint.

29.     Cypress denies the allegations in paragraph 29 of the Complaint.

30.     Cypress denies the allegations in paragraph 30 of the Complaint.

31.     Cypress denies the allegations in paragraph 31 of the Complaint.

## SECOND CLAIM
## INFRINGEMENT OF THE '686 PATENT

32.     Cypress incorporates and repeats its answers to the allegations of the preceding paragraphs of the Complaint as though set forth in full here in response to paragraph 32 of the Complaint.

33.     Cypress denies the allegations in paragraph 33 of the Complaint.

34.     Cypress lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint and, therefore, denies the same.

35.     Cypress lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint and, therefore, denies the same.

36.     Cypress denies the allegations in paragraph 36 of the Complaint.

37.     Cypress denies the allegations in paragraph 37 of the Complaint.

38.     Cypress admits that BlackBerry brought the '686 Patent to Cypress' attention on or about November 4, 2013, the date on which the Complaint in this action

was filed.  Except as expressly admitted, Cypress denies the allegations in paragraph 38 of the Complaint.

39.     Cypress denies the allegations in paragraph 39 of the Complaint.

40.     Cypress denies the allegations in paragraph 40 of the Complaint.

41.     Cypress denies the allegations in paragraph 41 of the Complaint.

42.     Cypress denies the allegations in paragraph 42 of the Complaint.

43.     Cypress denies the allegations in paragraph 43 of the Complaint.

44.     Cypress denies the allegations in paragraph 44 of the Complaint.

45.     Cypress denies the allegations in paragraph 45 of the Complaint.

## PRAYER FOR RELIEF

Cypress denies that BlackBerry is entitled to any relief whatsoever, either as prayed for in its Complaint or otherwise.

## AFFIRMATIVE DEFENSES

Cypress alleges and asserts the following affirmative defenses in response to the allegations in the Complaint:

46.     Cypress incorporates and repeats its answers to the allegations of the Complaint as though set forth in full here.  Without agreeing that it bears the burden of production or persuasion as to any of them, Cypress asserts the following affirmative defenses listed below.  Cypress reserves the right to add additional defenses, including but not limited to allegations of inequitable conduct, consistent with facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE

## (NON-INFRINGEMENT)

47.     Cypress has not directly or indirectly infringed any valid and enforceable

claim of the '623 and '686 Patents, either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE

## (INVALIDITY)

48.     Each claim of the '623 and '686 Patents is invalid for failure to comply

with one or more of the requirements of the patent laws of the United States, including

but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

## THIRD AFFIRMATIVE DEFENSE

## (FAILURE TO STATE A CLAIM)

49.     One or more of the claims in BlackBerry's Complaint fails to state a claim

upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

## (NO IRREPARABLE HARM)

50.     BlackBerry is not entitled to injunctive relief, because, *inter alia*, any injury

to BlackBerry is not irreparable, and BlackBerry has an adequate remedy at law.

## FIFTH AFFIRMATIVE DEFENSE

## (FAILURE TO MARK)

51.     BlackBerry is prohibited from recovering damages for activities alleged to

have occurred before BlackBerry complies with 35 U.S.C. § 287.

## SIXTH AFFIRMATIVE DEFENSE

## (RESERVATION OF RIGHTS)

52.     Cypress hereby reserves the right to amend its Answer and Counterclaims to assert additional defenses and/or counterclaims if such defenses or counterclaims are discovered during the course of litigation.

## JURY DEMAND

Cypress hereby demands a trial by jury on all issues and claims so triable.


## COUNTERCLAIMS OF CYPRESS SEMICONDUCTOR CORP.

Defendant Cypress Semiconductor Corp. ("Cypress") asserts the following counterclaims against Plaintiff BlackBerry Limited ("BlackBerry"):

## NATURE OF ACTION

1.     Cypress seeks through this action a judgment declaring that United States Patent No. 6,034,623 ("the '623 Patent") and 6,833,686 ("the '686 Patent") are invalid and not infringed by Cypress.

## THE PARTIES

2.     Cypress is a Delaware Corporation with its principal place of business at 198 Champion Court, San Jose, California.

3.     According to its Complaint, BlackBerry Limited is a Canadian company with its principal place of business at 2200 University Avenue East, Waterloo, Ontario, Canada N2K 0A7.

## JURISDICTION AND VENUE

4.      Cypress' counterclaims for a declaratory judgment arise under the Declaratory Judgment Act, 28 U.S.C. § 1331, 1338, 2201, and 2202.

5.      An actual and justiciable controversy exists under the Declaratory Judgment Act with respect to Cypress' alleged infringement of and the validity of the '623 and '686 Patents.

6.      This Court has personal jurisdiction over BlackBerry as BlackBerry has purposely availed itself of the privilege of conducting activities within this State and District.

7.      Venue is proper in this Court under 28 U.S.C. § 1391.

## FIRST COUNTERCLAIM
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

8.      Cypress re-alleges and incorporates by reference the allegations of paragraphs 1-7.

9.      BlackBerry has alleged that it is the owner of the '623 and '686 Patents.

10.     BlackBerry has sued Cypress for infringement of the '623 and '686 Patents.

11.     An actual and justiciable controversy exists between Cypress and BlackBerry with respect to the '623 and '686 Patents.  Absent a declaration of non-infringement, BlackBerry will continue to wrongfully assert the '623 and '686 Patents against Cypress, and thereby cause Cypress injury and damage.

12.     Cypress does not infringe any valid and enforceable claim of the '623 and '686 Patents, either literally or under the doctrine of equivalents.  Cypress has not

actively induced or contributed to the infringement of the '623 and '686 Patents.

Cypress is entitled to a declaration to that effect.

## SECOND COUNTERCLAIM
### (DECLARATORY JUDGMENT OF INVALIDITY)

13.     Cypress re-alleges and incorporates by reference the allegations of

paragraphs 1-12.

14.     BlackBerry has alleged that it is the owner of the '623 and '686 Patents.

15.     BlackBerry has sued Cypress for infringement of the '623 and '686 Patents.

16.     An actual and justiciable controversy exists between Cypress and

BlackBerry with respect to the '623 and '686 Patents.  Absent a declaration of invalidity,

BlackBerry will continue to wrongfully assert the '623 and '686 Patents against Cypress,

and thereby cause Cypress injury and damage.

17.     The '623 and '686 Patents are invalid under the provisions of Title 35,

United States Code, including, but not limited to, one or more Sections of 101, 102, 103,

and/or 112.  Cypress is entitled to a declaration to that effect.

## THIRD COUNTERCLAIM
### (DECLARATORY JUDGMENT OF NO WILLFULNESS)

18.     Cypress re-alleges and incorporates by reference the allegations of

paragraphs 1-17.

19.     BlackBerry has alleged that it is the owner of the '623 and '686 Patents.

20.     BlackBerry has sued Cypress for willful infringement of the '623 and '686

Patents.

21.     An actual and justiciable controversy exists between Cypress and

BlackBerry with respect to the '623 and '686 Patents.  Absent a declaration of non-willful

infringement, BlackBerry will continue to wrongfully assert that Cypress has willfully

infringed the '623 and '686 Patents, thereby causing Cypress injury and damage.

22.     Cypress does not infringe any valid and enforceable claim of the '623 and

'686 Patents, either literally or under the doctrine of equivalents.  Cypress has not

actively induced or contributed to the willful infringement of the '623 and '686 Patents.

Cypress is entitled to a declaration to that effect.

## PRAYER FOR RELIEF

WHEREFORE, Cypress asks this Court to:

A.     Dismiss BlackBerry's action against Cypress;

B.     Enter judgment that BlackBerry take nothing on its claims against

Cypress;

C.     Find that Cypress is the prevailing party, and that it is entitled to relief

under 35 U.S.C. § 285 because this case is exceptional;

D.     Award Cypress its attorney's fees and costs of defending this action; and

E.     Order such other and further relief as to which BlackBerry may be

entitled.

## JURY DEMAND

Cypress hereby demands a trial by jury on all issues and claims so triable.

Dated:  January 13, 2014

Respectfully submitted,


  /s/ Mark D. Strachan

Mark D. Strachan
State Bar No. 19351500
SAYLES WERBNER, PC
1201 Elm Street, 44th Floor
Dallas, Texas 75270
Tel: (214) 939-8707
Fax: (214) 939-8787
mstrachan@swtriallaw.com


Michael J. Malecek (*pro hac vice application
forthcoming*)
michael.malecek@kayescholer.com
Robert R. Laurenzi (*pro hac vice application
forthcoming*)
robert.laurenzi@kayescholer.com
Marisa Armanino Williams (*pro hac vice
application forthcoming*)
marisa.armanino@kayescholer.com
Robert S. Magee (*pro hac vice application
forthcoming*)
robert.magee@kayescholer.com
Kaye Scholer LLP
Two Palo Alto Square
3000 El Camino Real, Suite 400
Palo Alto, CA  94306-2112
Tel: (650) 319-4500
Fax: (650) 319-4700

COUNSEL FOR CYPRESS
SEMICONDUCTOR CORP.

## CERTIFICATE OF SERVICE

I certify that this document was filed and served using the Court's ECF system on January 13, 2014.

*/s/ Mark Strachan*
Mark Strachan